# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

RYAN KEITH MATHISON,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

No. C09-4045-MWB
No. CR06-4030-MWB

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S *PRO SE* RULE 60(b) MOTION AND *PRO SE* MOTION FOR LEAVE TO AMEND RULE 60(b) MOTION**

_____

## TABLE OF CONTENTS

*I.*   *INTRODUCTION AND BACKGROUND* ............................................................. *1*
    *A.*   *The Petitioner's Charges, Sentence and Appeal* ........................... *2*
    *B.*   *The Petitioner's § 2255 Motion And Amended Motion* ............................... *4*

*II.*   *LEGAL ANALYSIS* ........................................................................................ *6*
    *A.*   *Standards For Rule 60(b) Motion* ........................................................ *6*
    *B.*   *Application Of The Standards* ............................................................. *10*
        *1.*   *Motion for leave to amend* ................................................. *10*
        *2.*   *Rule 60(b) motion* ............................................................. *10*

*III.*   *CONCLUSION* ............................................................................................ *11*

## I.   INTRODUCTION AND BACKGROUND

This case is before me on petitioner Ryan Keith Mathison's *Pro Se* Motion For Relief From Judgment Under the Provisions of Civil Procedure, Rule 60(b)(4) or (b)(6)

(Civ. docket no. 59), and *Pro Se* Motion For Second Leave To Amend Petitioner's Pending Rule 60(b) motion (Civ. docket no. 73). In his Rule 60(b) motion, Mathison seeks to have my previous Memorandum Opinion and Order and Judgment denying him §2255 relief, vacated. He argues that my order denying his § 2255 motion "is void because it was issued in a manner inconsistent with this Court's prior holding." Motion at 1. The respondent has filed a response to Mathison's Rule 60(b) motion. In his motion for leave to amend, Mathison seeks to amend his Rule 60(b) Motion in order to assert a new claim for relief on his § 2255 motion based on the United States Supreme Court's recent decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). The respondent has not filed a response to Mathison's motion for leave to amend.

### A. *The Petitioner's Charges, Sentence and Appeal*

On June 21, 2006, a grand jury returned a seven-count Second Superseding Indictment (Crim. docket no. 185 ) charging Mathison with engaging in a continuing criminal enterprise, in violation of 21 U.S.C. §§ 848(a) & (c) (Count 1); conspiracy to possess with intent to distribute marijuana, cocaine, methamphetamine, and anabolic steroids, in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846 (Count 2); conspiracy to engage in money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i), (B)(ii) and § 1956(h) (Count 3); and filing false tax returns, in violation of 26 U.S.C. § 7206(1) (Counts 4-7).

Trial began on November 6, 2006. Near the end of the trial, after all but one of the prosecution's witnesses had testified, Mathison voluntarily absconded, violating his pretrial release. Due to the potential danger of prejudice from publicity, I polled the jurors individually to see if they were aware of any pretrial publicity. If an individual juror had been exposed to pretrial publicity, I then proceeded to ascertain the extent and effect of the exposure. One juror was ultimately excused and replaced with an alternate juror on partiality grounds. The remaining jurors indicated they could decide the case based on the

facts introduced at trial and not on the nature of any publicity to which they had been exposed.

On November 15, 2006, the jury returned a guilty verdict on all counts. On November 20, 2006, although Mathison was still at large, his counsel timely filed a Motion for Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, or in the alternative, a Motion for New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. In his Motion for Judgment of Acquittal, Mathison contended the evidence produced at trial was insufficient to support a finding of guilt on each and every count. He alternatively argued he was entitled to a new trial because the evidence weighed heavily enough against the verdict to indicate a miscarriage of justice had occurred. He also contended a new trial was warranted in the interests of justice because he was unduly prejudiced by my failure to grant a mistrial due to the mid-trial publicity that resulted after he absconded. The prosecution timely resisted Mathison's post-trial motions. On November 27, 2006, Mathison was apprehended in Juarez, Mexico, and returned to Iowa. On January 5, 2007, I denied Mathison's Motion for Judgment of Acquittal and Motion for New Trial.

On May 2, 2007, I sentenced Mathison to 372 months imprisonment on Count 1, 240 months imprisonment on Count 3, and 36 months on each of Counts 4 through 7, the sentences to be served concurrently, and 5 years of supervised release.[1] On May 15, 2007, Mathison appealed his sentence. On appeal, Mathison contended there was insufficient evidence to sustain the jury's verdict, and that it was error to deny his motion for a mistrial based on the jurors' exposure to news and other information concerning his flight. After the case was submitted, Mathison filed a letter with the court of appeals, pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, attempting to raise for the first time a

---

[1]I dismissed the conspiracy count, Count 2, as a lesser included offense of the continuing criminal enterprise count. *See United States v. Van Nguyen*, 602 F.3d 886, 900 (8th Cir. 2010); *United States v. Jelinek*, 57 F.3d 655, 660 (8th Cir. 1995).

3

sentencing argument based on the Supreme Court's decision in *Gall v. United States*, 552 U.S. 38 (2007). On March 11, 2008, the Eighth Circuit Court of Appeals denied Mathison's appeal. *See United States v. Mathison*, 518 F.3d 935, 942 (8th Cir.), *cert. denied*, 128 S. Ct. 2895 (2008). The court of appeals concluded substantial evidence supported Mathison's convictions for engaging in a continuing criminal enterprise, conspiracy to commit money laundering, and filing of false tax returns. *Id.* at 941. The court of appeals further determined I had "meticulously followed" this circuit's prescribed procedure for handling the jurors" possible exposure to adverse publicity or other outside influence concerning Mathison's flight and that I had not abused my discretion in deciding not to grant a new trial. *Id.* Finally, the court of appeals held Mathison could not raise a new argument in the Rule 28(j) letter, but added "that Mathison and his counsel argued unsuccessfully before the district court that Mathison should receive a variance from the Guidelines sentence, and there is no indication whatsoever that the district court misunderstood the extent of his discretion or erred in exercising it." *Id*. at 942.

On May 5, 2008, Mathison filed a petition for a writ of certiorari with the United States Supreme Court. On June 11, 2008, the Supreme Court denied Mathison's petition for a writ of certiorari. *See United States v. Mathison*, 128 S. Ct. 2895 (2008).

### B. *The Petitioner's § 2255 Motion And Amended Motion*

Mathison subsequently filed his Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody on June 2, 2009 (Civ. docket no. 2). In his § 2255 motion, Mathison alleged his trial counsel provided ineffective assistance, in violation of the Sixth Amendment, by failing to request a change of venue, and in failing to withdraw when a conflict of interest between counsel and Mathison became apparent. Mathison also argued his Fifth and Fourteenth Amendment rights to equal protection were violated by the disparity in sentencing between himself and co-defendant Shad Derby, and his appellate counsel was ineffective in failing to raise this ground on direct appeal. In

addition, Mathison contended that his trial counsel was ineffective in failing to raise a sentencing challenge pursuant to *Gall v. United States*, 552 U.S. 38 (2007), in order to preserve the issue for appeal.

On July 10, 2009, Mathison filed a *pro se* Motion for Substitute Counsel. Concurrently, Mathison's counsel filed a motion to withdraw. Both motions were granted, and substitute counsel was appointed to represent Mathison on his § 2255 motion. Mathison's substitute counsel filed a Modified Petition, a brief under *Anders v. California*, 386 U.S. 738 (1967) challenging Mathison's conviction and sentence, and a motion to withdraw. Counsel's motion to withdraw was granted. Mathison, in turn, filed a *pro se* Ex Parte Motion To Strike the Modified Petition that was filed by his prior counsel, contending that he disagreed with his former counsel's legal analysis. Mathison also moved for appointment of new counsel. I denied Mathison's motion to strike, but stated I would not consider the arguments raised in Mathison's Modified Petition. Mathison's motion for new counsel was granted, and a second substitute attorney was appointed to represent Mathison on his § 2255 motion. Mathison also sought leave to amend his § 2255 motion and to file an amended supporting brief. Mathison's Motion to Amend was granted. He then filed his amended § 2255 motion and supporting brief. In his amended § 2255 motion, Mathison alleged his trial counsel provided ineffective assistance in failing to withdraw when a per se conflict of interest between counsel and Mathison was created, in failing to raise a sentencing challenge pursuant to *Gall*, and for failing to request a change of venue. Mathison also argued respondent committed prosecutorial misconduct by using the unreliable testimony of Shad Derby during Mathison's trial. In addition, Mathison contended newly discovered evidence, the unreliability of Shad Derby's testimony, entitled him to a new trial. The respondent filed a resistance to Mathison's amended § 2255 motion and Mathison filed a reply brief in support of his amended § 2255 motion.

On July 5, 2011, I denied Mathison's amended § 2255 motion. I also denied Mathison a certificate of appealabity. Mathison appealed the denial of a certificate of appealability to the Eighth Circuit Court of Appeals. The court of appeals denied Mathison's request for a certificate of appealability and dismissed the appeal. Mathison subsequently filed his *Pro Se* Motion For Relief From Judgment Under the Provisions of Civil Procedure, Rule 60(b)(4) or (b)(6) and *Pro Se* Motion For Second Leave To Amend Petitioner's Pending Rule 60(b) Motion which are now before me.

## II. LEGAL ANALYSIS
### A. Standards For Rule 60(b) Motion

Federal Rule of Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60.

Rule 60(b) creates an exception to the finality of a district court's judgment in a habeas proceeding. *See Ward*, 577 F.3d at 933. "Rule 60(b) provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *In re Levaquin Prods. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014) (quoting *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting in turn *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987) (internal quotation marks omitted); see *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014); *Sanders v. Clemco Indus.*, 862 F.2d 161, 169 n.14 (8th Cir. 1988); *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). While relief under the rule is "extraordinary," "'[a] district court has wide discretion in ruling on a Rule 60(b) motion and we will only reverse for a clear abuse of discretion.'" *In re Levaquin Prods. Liab. Litig.*, 739 F.3d at 404 (quoting *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008)); *see MIF Realty L.P., v. Rochester Assocs.,* 92 F.3d 752, 755 (8th Cir. 1996). As the Eighth Circuit Court of Appeals explained,

> Rule 60(b) is to be given a liberal construction so as to do substantial justice and "'to prevent the judgment from becoming a vehicle of injustice.'" [*Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984) (quoting *United States v. Walus*, 616 F.2d 283, 288 (7th Cir. 1980)). This motion is grounded in equity and exists "to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts." *Id.* (internal quotations omitted) (alterations in original). *See also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2857, at 255 (2d ed. 1995) ("Equitable principles may be taken into account by a court in the exercise of its discretion under Rule 60(b).")

*MIF Realty L.P.*, 92 F.3d at 755–56. Although Rule 60(b) motions are "disfavored," the Eighth Circuit Court of Appeals has also "recognize[d] that they 'serve a useful, proper and necessary purpose in maintaining the integrity of the trial process, and a trial court will

be reversed where an abuse of discretion occurs.'" *Id.* at 755 (quoting *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984). "'An abuse of discretion occurs where the district court fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors.'" *In re Levaquin Prods. Liab. Litig.*, 739 F.3d at, 404 (quoting *General Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009)).

Rule 60(b) applies to 28 U.S.C. § 2255 proceedings to the extent it is not inconsistent with the Anti–Terrorism and Effective Death Penalty Act (AEDPA). *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* 28 U.S.C. § 2255; FED. R. CIV. P. 81(a)(4). Inconsistencies between Rule 60(b) and 28 U.S.C. § 2255 may arise because it is long established that a second successive § 2255 motion requires certification by a court of appeals before filing. *See* 28 U.S.C. § 2244(b)(3)(A). "[I]nmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (also explaining that inmates may not bypass authorization requirement of § 2255 by purporting to invoke some other procedure); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (*per curiam*) (explaining that, if a Rule 60(b) motion is actually a successive habeas petition, the district court should deny it for failure to obtain authorization from the court of appeals, or, in its discretion, transfer the motion to the court of appeals). District courts, when presented with a purported Rule 60(b) motion following the dismissal of a petitioner's habeas claim, should conduct an inquiry to determine whether the allegations in the Rule 60(b) motion, in fact, amount to a second or successive collateral attack under 28 U.S.C. § 2255. *See Boyd*, 304 F.3d at 814. A Rule 60(b) motion is a second or successive habeas corpus application if it contains a "claim." *Ward*, 577 F.3d at 933. When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application.

8

*Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005).  As the Eighth Circuit Court of Appeals has explained,

> For the purpose of determining whether the [Rule 60(b)] motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim on the merits."  *Gonzalez*, 545 U.S. at 530, 532, 125 S. Ct. 2641.  "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)."  *Id.* at 532 n. 4, 125 S. Ct. 2641.  When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

*Ward*, 577 F.3d at 933.  On the other hand, the court has explained,

> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." [*Gonzalez*, 545 U.S.] at 532, 125 S. Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  *Id.* at n. 4. . . .
>
> The Supreme Court has "note[d] that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."  *Id.* at 532 n.5, 125 S. Ct. 2641 (internal citation omitted).

*Ward*, 577 F.3d at 933.

### B. Application Of The Standards

#### 1. *Motion for leave to amend*

In his motion for leave to amend, Mathison seeks to amend his Rule 60(b) motion in order to assert a new claim for relief on his § 2255 motion based on United States Supreme Court's recent decision in *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016).² The adding of this new claim would make Mathison's Rule 60(b) motion a successive § 2255 motion for which he has failed to obtain authorization from the Eighth Circuit Court of Appeals. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (citing *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam)). Accordingly, Mathison's *Pro Se* Motion For Second Leave To Amend Petitioner's Pending Rule 60(b) Motion is denied.

#### 2. *Rule 60(b) motion*

Mathison argues that my order denying his § 2255 motion "is void because it was issued in a manner inconsistent with this Court's prior holding." Motion at 1. He claims that: "the Court inadvertently referenced, quoted in part, and relied upon the substance/context of the MODIFIED PETITION," Motion at 6, after I had stated, in my order denying his motion to strike, that I would not consider the arguments raised in the Modified Petition.

In considering Mathison's argument, that his trial counsel provided ineffective assistance by failing to withdraw after he created a per se conflict of interest by effectively advising Mathison to flee to Mexico, I concluded: "[e]ven accepting as true Mathison's unsubstantiated contention that his attorney stated, "You must have pretty big balls. If I were you, I'd be in Mexico by now", Mathison's claim fails. The statement cannot

---

² In *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016), the United States Supreme Court held that the rule announced in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing, applies retroactively on collateral review.

reasonably be construed to be advice of counsel to flee to Mexico." Memorandum Opinion and Order at 15. Immediately after that statement, I noted in a footnote that Mathison's trial counsel disputed the statement Mathison attributed to him. Memorandum Opinion and Order at 16 n.4. Respondent raised this factual assertion in its brief, drawing it from Mathison's Modified Petition. Respondent's Resistance to § 2255 Motion at 7. The footnote merely referenced the disputed nature of Mathison's trial counsel's alleged statement. I in no way relied on the disputed nature of the statement in making my decision. To the contrary, as noted above, I accepted as true Mathison's factual contention of what his trial attorney said to him in denying his claim. Accordingly, Mathison has failed to establish that he is entitled to relief under Rule 60(b)(4) or 60(b)(6), and his *Pro Se* Motion For Relief From Judgment Under the Provisions of Civil Procedure, Rule 60(b)(4) or (b)(6) is denied.

## III. CONCLUSION

For the reasons discussed above, Mathison's *Pro Se* Motion For Relief From Judgment Under the Provisions of Civil Procedure, Rule 60(b)(4) or (b)(6) (Civ. docket no. 59) and *Pro Se* Motion For Second Leave To Amend Petitioner's Pending Rule 60(b) Motion (docket no. 73) (Civ. docket no. 73) are denied.

**IT IS SO ORDERED**.

**DATED** this 21st day of March, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

11